IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE DALE SMITH, JR.                                                                          PLAINTIFF

v.                              Civil No. 4:23-cv-04111-SOH-CDC

JANA TALLANT, Howard County Jail Administrator;
JOEY DAVIS, Howard County Detention Center;
LAJUANDA LINDSEY, Jailer; JORDAN BRADSHAW, Jailer;
JOSHUA BRADSHAW, Jailer; MARLINE TALLANT;
TYLER LOVELIS, Jailer; FRANSICO ARCE, JR.,
Mineral Springs Chief of Police; CASEY PARKER;
BRYAN MCJUNKINS, Sheriff of Howard County;
ANABELE WHITE, Jailer; and DR. JOAN MCLEAN                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, Curtis Wayne Dale Smith Jr., filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

Plaintiff filed his original Complaint and Application to proceed *in forma pauperis* ("IFP") on November 27, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff IFP status on the same day. (ECF No. 3). Additionally, the Court directed Plaintiff to file an amended complaint. *Id.*

Specifically, the Court advised Plaintiff:

> In Section III of the Complaint, Plaintiff is directed to list each Defendant. In this case, Plaintiff has listed only two individuals as Defendants—Jana Tallant and Joey Davis. However, under the statement of his claims, Plaintiff has listed several other individuals as being involved. If Plaintiff intends to list these individuals as Defendants, he must do so in Section III of the Complaint. Additionally, Plaintiff's writing is cramped in spots, crossed out in places, and in other ways difficult to read in some areas.

(ECF No. 3, p. 1). Plaintiff was also advised what the law required in his amended complaint:

> In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct . . . Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim.

(ECF No. 3, p. 2).

Plaintiff filed his Amended Complaint on January 10, 2024. (ECF No. 8). The Amended Complaint is also difficult to decipher, however, the Court has taken care to interpret Plaintiff's claims and organize them in a logical order for purposes of this screening analysis.

In his Amended Complaint, Plaintiff again only list Jana Tallant, Jail Administrator of Howard County Detention Center ("HCDC"), Joey Davis, Chief Deputy of HCDC, and the "rest of the jail staff, facility faculty, and institutions" in the case heading. Then, in the section for identifying defendants, Plaintiff lists only Jana Tallant and Joey Davis as Defendants. (ECF No. 8, pp. 1-3). However, as in his original Complaint, Plaintiff listed multiple other Defendants within the body of the Amended Complaint. Such Defendants[1] include Lajuanda Lindsey, a jailer

---

[1] The Court notes Plaintiff did not provide the job title for all persons listed and the spelling of

2

at HCDC; Jordan and Joshua Bradshaw; Marline Tallant; Tyler Lovelis, a jailer at HCDC; Fransico Arce, Jr., the Chief of Policy for Mineral Springs, Arkansas; Casey Parker, Bryan McJunkins, Sheriff of Howard County, Dr. Joan McLean; Anabele White; and "all Pafford Medical." (ECF No. 8, p. 7).

Plaintiff first asserts Defendant Jana Tallant, as Jail Administrator, violated his constitutional rights by: (1) denying him contact with his counsel; (2) denying him medical care by refusing treatment after his arrest on March 13, 2023; (3) denying him access to mail; (4) denying him visitations; and (5) subjecting him to unconstitutional conditions of confinement – a poor diet, mixed population of felons and non-felons in housing units, and insufficient beds and showers. (ECF No. 8, p. 4-8).

Plaintiff also asserts Defendant Joey Davis violated his constitutional rights using excessive force while arresting him on March 13, 2023. Specifically, Plaintiff claims that Defendant Davis drove his knee into Plaintiff's back and pulled his arm back cracking Plaintiff's vertebrae. (ECF No. 8, pp. 5, 7).

Next, Plaintiff claims Defendant Fransico Arce, Jr. from Mineral Springs arrested him without a warrant on false charges of forgery from the Dollar General Store. (ECF No. 6). Plaintiff does not provide a date for this arrest but does state it occurred at a home that was not his home. *Id*. Plaintiff also devotes approximately half a page in his Amended Complaint to generally challenging his charges, arrests, and convictions. (ECF No. 8, p. 6). It is unclear which charges and arrests Plaintiff is challenging here. Plaintiff requests, as part of his relief, for his entire criminal record in the State of Arkansas to be expunged and sealed. (ECF No. 8, p. 11).

---

each name is the Court's best interpretation of Plaintiff's handwriting.

3

Plaintiff next claims Defendant McLean denied him medical care when she refused to run diagnostic tests on his back after Defendant Davis's use of force. (ECF No. 8, p. 7).

Plaintiff also claims he was not properly mirandized upon his arrest. He does not, however, indicate which arrest this regards nor which Defendant this claim is made against. (ECF No. 8, p. 5).

Finally, as a general argument throughout his Amended Complaint, Plaintiff argues Defendants did not follow procedures and rules of the HCDC. (ECF No. 8).

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     DISCUSSION

As an initial matter, the Court must recommend dismissal of all Defendants who Plaintiff listed but did not connect to any of his factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); Fed. R. Civ. P. 8. Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Here, Plaintiff did not assert any factual allegations against Lajuanda Lindsey, Jordan Bradshaw, Joshua Bradshaw, Marline Tallant, Tyler Lovelis, Casey Parker, Bryan McJunkins, or Anabele White.  As Plaintiff was previously advised, any claims that did not state specific actions by each named Defendant would be dismissed.  (ECF No. 3).

Accordingly, Lajuanda Lindsey, Jordan Bradshaw, Joshua Bradshaw, Marline Tallant, Tyler Lovelis, Casey Parker, Bryan McJunkins, and Anabele White should be dismissed without prejudice from this matter.

Additionally, based on the same reasoning, Plaintiff's generalized listing of "all Pafford Medical Staff" and the "rest of the jail staff, facility faculty, and institutions" as defendants in this matter is insufficient.  Plaintiff has not alleged specific claims against these unnamed individuals or given the Court any indication of who these individuals may be.

Next, Plaintiff appears to challenge the validity of his arrests[2], criminal convictions, and

---

2 The Court notes Plaintiff specifically claims he did not receive proper Miranda rights when arrested.  However, Plaintiff does not allege which Defendant failed to Mirandize him, or when this failure occurred.   As explained herein, general allegations that fail to tie actions to individuals are insufficient to state claims upon which relief may be granted.  Fed. R. Civ. P.

5

imprisonment. Plaintiff is generally requesting relief from all his arrest and convictions, but specifically challenges his arrest by Defendant Fransico Arce, Jr. With respect to this arrest, Plaintiff only claims the forgery charge for which Defendant Arce arrested him was false. Claims seeking compensation for criminal convictions or imprisonment are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As Plaintiff presently seeks expungement of his criminal record, it is clear he cannot satisfy the *Heck* requirement at this time.

Additionally, Plaintiff may not use Section 1983 as a substitute for *habeas* relief. These claims must be pursued properly through 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)).

For these reasons, all of Plaintiff's claims related to his arrests, convictions, and imprisonment should be dismissed without prejudice for failure to state a claim upon which relief may be granted, and Defendant Arce should be dismissed from this matter.

Finally, all of Plaintiff's claims related to Defendants failing to follow the HCDC rules and procedures, or police department procedures, or state law are defective as a matter of law. It is well-settled that prisoners do not have a constitutional right to enforce compliance with internal

---

8(a)(2); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

prison rules or regulations or state law. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations"); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) ("there is no § 1983 liability for violating prison policy"); *see also Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1988) ("police department guidelines do not create a constitutional right"). Accordingly, all of Plaintiff's claims regarding Defendants' failure to follow HCDC policy and procedure, various police department procedure, and/or state law should be dismissed without prejudice for failure to state a claim upon which relief can be granted.

The Court has reviewed the facts alleged by Plaintiff against Defendant Tallant for denial of counsel, denial of medical care, mail, and visitation, and for subjecting him to unconstitutional conditions of confinement. The Court similarly reviewed facts alleged by Plaintiff against Defendant Davis for use of excessive force and against Defendant McLean for denial of medical care. The Court finds Plaintiff stated sufficient facts to allege claims for relief that are plausible on the face of the Amended Complaint, and it is recommended that these claims survive for service of process.

### IV. CONCLUSION

For these reasons, it is recommended:

1. Defendants Lajuanda Lindsey, Jordan Bradshaw, Joshua Bradshaw, Marline Tallant, Tyler Lovelis, Fransico Arce, Jr., Casey Parker, Bryan McJunkins, and Anabele White be **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for Plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff's claims relating to his arrests, imprisonment and convictions **be dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for Plaintiff's failure to state

7

a claim upon which relief may be granted.

　　　　3.　　Plaintiff's claims relating to procedural, rule, and state law violations be **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for Plaintiff's failure to state a claim upon which relief may be granted.

　　　　4.　　Plaintiff's claim of excessive force alleged against Defendant Joey Davis shall proceed for service.

　　　　5.　　Plaintiff's claim of denial of medical care against Defendant McLean shall proceed for service.

　　　　6.　　Plaintiff's claims against Defendant Tallant of denial of medical care, denial of access to counsel, denial of access to mail, unconstitutional conditions of confinement, and denial of visitations shall proceed for service.

　　　　A separate order for service of process on these Defendants shall be issued.

　　　　**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).　The failure to file timely objections may result in waiver of the right to appeal questions of fact.　The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

　　　　DATED this 6th day of February 2024.

　　　　　　　　　　　　　　　　　　　　　　　*Christy Comstock*
　　　　　　　　　　　　　　　　　　　　　　　CHRISTY COMSTOCK
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE