IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS WAYNE DALE SMITH, JR.                                                                PLAINTIFF

v.                              Case No. 4:23-cv-4111

JANA TALLANT, Howard County Jail Administrator;
JOEY DAVIS, Howard County Detention Center;
and DR. JOAN MCLEAN                                                                          DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed October 25, 2024, by the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. ECF No. 53. Plaintiff Curtis Wayne Dale Smith, Jr. has objected. ECF No. 56. The Court finds the matter ripe for consideration.

Plaintiff alleges that he suffered a back injury during his arrest. While at the Howard County Detention Center, he alleges that Defendant McLean denied him medical care by refusing to x-ray his back. In the Report and Recommendation (ECF No. 53), Judge Comstock recommends that Separate Defendant Joan McLean's Motion to Dismiss[1] (ECF No. 27) be granted and all claims against Defendant McLean be dismissed without prejudice. Additionally, Judge Comstock recommends that Defenant McLean's Motion for Summary Judgment (ECF No. 32) on the issue of exhaustion be denied as moot.

Plaintiff's objections center around his argument that Defendant McLean "denied giving [him] the proper medical care" when she refused to x-ray his back. ECF No. 56, p. 4. Plaintiff claims he "needed and wanted x-rays and then was refused x-rays." ECF No. 56, p. 4. He

---

[1] Judge Comstock treated the Motion to Dismiss (ECF No. 27) as a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). The Court will do the same.

"believes" the treatment Dr. McLean provided for his back was inadequate and that he was entitled to "x-rays not pills." ECF No. 56, p. 8.  Clearly, Plaintiff disagrees with the treatment provided by Defendant McLean.  However, it is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).  Therefore, the Court agrees with Judge Comstock that Plaintiff has failed to state a plausible claim for denial of medical care against Defendant McLean.

Upon *de novo* review, the Court hereby **ADOPTS** the report and recommendation (ECF No. 53) *in toto*.  Accordingly, Defendant McLean's Motion to Dismiss (ECF No. 27), interpreted as a Rule 12(c) Motion for Judgment on the Pleadings, is **GRANTED**.  Plaintiff's denial of medical care claim against Defendant McLean in both her individual and official capacities is **DISMISSED**.  Defendant McLean is **DISMISSED** from this case.  Further, Defendant McLean's Motion for Summary Judgment on the issue of exhaustion (ECF No. 32) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge