IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CURTIS WAYNE DALE SMITH, JR.                                              PLAINTIFF

v.                                      Case No. 4:23-cv-4111

JANA TALLANT, Howard County Jail Administrator;
JOEY DAVIS, Howard County Detention Center;
and DR. JOAN MCLEAN                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed November 6, 2024, by the

Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas.

ECF No. 54.  Defendants Jana Tallant and Joey Davis (collectively, "Defendants")[1] have filed

objections.  ECF No. 57.  The matter is ripe for consideration by the Court.

## I.  BACKGROUND

Plaintiff was incarcerated at the Howard County Detention Center ("HCDC") during the

time relevant to his claims.  Plaintiff brings a claim of excessive force against Defendant Davis,

arguing that Davis injured Plaintiff during his arrest.  Plaintiff brings the following claims against

Defendant Tallant:  denial of medical care, denial of access to counsel, denial of access to mail,

unconstitutional conditions of confinement, and denial of visitations.  Plaintiff brings these

constitutional claims under 42 U.S.C. § 1983.

Defendants have filed a Motion for Summary Judgment (ECF No. 36) on the limited issue

of exhaustion.  Defendants argue that Plaintiff failed to appeal the grievances related to his claims

against Defendant Tallant as required by the HCDC's grievance procedure.  Defendants also argue

that Plaintiff failed to file any grievance specifically related to his claim of excessive force against

---

[1]The Court notes that Defendant Joan McLean has been dismissed from this lawsuit.  ECF No. 68.

Defendant Davis. Judge Comstock recommends that the Court deny Defendants' Motion for Summary Judgment (ECF No. 36) on the limited issue of exhaustion. Defendants object.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting a de novo review of those portions of the report and recommendation which are the subject of objections, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990).

The issue before the Court is whether Defendant is entitled to summary judgment. "Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from

the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. The Court conducts its de novo review of the objections to the Report and Recommendation with this standard in mind.

### III. DISCUSSION

As to the excessive force claim against Defendant Davis, Judge Comstock recommends that Defendants' Motion for Summary Judgment (ECF No. 36) be denied, because the exhaustion requirement does not apply to claims that arose prior to Plaintiff's incarceration. Defendant does not object to this recommendation.

As to the claims against Defendant Tallant, Judge Comstock recommends that Defendants' Motion for Summary Judgment (ECF No. 36) be denied because a genuine issue of material facts exists as to whether HCDC's grievance procedure requires that Plaintiff appeal his grievance to the Sheriff in order to exhaust his administrative remedy. Defendant objects to this recommendation.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies prior to filing a § 1983 claim. 42 U.S.C. § 1997e(a). In order to exhaust, prisoners must fully and properly exhaust their administrative remedies as to each claim that is later raised in a 42 U.S.C. § 1983 lawsuit. *Jones v. Bock*, 549 U.S. 199, 211. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. In other words, to satisfy the PLRA, prisoners must comply with the exhaustion requirements of the

incarcerating facility before they can properly bring a claim in a § 1983 action. However, the PLRA requires exhaustion of only such administrative remedies that are "available." *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018).

There is no dispute as to whether Plaintiff filed grievances related to his claims against Defendant Tallant. Instead, Defendants argue that Plaintiff failed to appeal his grievances, thus failing to exhaust the HCDC's grievance procedure.

The HCDC's grievance procedure instructs a prisoner as to how to file grievances and sets out the timeline for the facility to respond to the grievances. ECF No. 32-2, p. 2. Under a section titled "Appeals," the grievance procedure states that "[t]he grievant may appeal any response or lack of response to the Sheriff. Appeals to the Sheriff may be delivered in the same manner as above." ECF No. 32-2, p. 3). The procedure further states, "[i]f for any reason, a detainee fears use of the grievance procedure, the detainee[']s grievance may be presented to the Sheriff as an appeal." ECF No. 32-2, p. 3.

Judge Comstock found that the grievance procedure indicates that an appeal is optional, because it states that Plaintiff "may" appeal, not that he "shall" appeal. Judge Comstock noted, "[t]here is no indication on the face of the HCDC grievance procedure that an appeal is *necessary* to complete or exhaust" the grievance procedure. ECF No. 54, p. 7. Judge Comstock then concluded that a genuine issue of material fact exists as to whether the HCDC's grievance procedure "requires an appeal to the Sheriff in order to exhaust, and if it does, whether Plaintiff attempted to appeal his grievances pursuant to the HCDC Grievance Procedure." ECF No. 54, p. 7.

Defendants argue that Judge Comstock erred when she found that a genuine issue of material fact exists as to whether HCDC's grievance policy requires an appeal to the sheriff in

order to exhaust.  Defendants contend that an appeal to the sheriff is an "available" second step in the HCDC grievance process, and thus it must be exhausted.  To support this argument, Defendants cite to several cases from the Eastern District of Arkansas.  *See Hopkins v. Higgins*, No. 4:23-cv-00905, 2024 WL 4000807 (E.D. Ark. Aug. 9, 2024); *Gallardo v. Lemmons*, No. 4:23-cv-00468, 2023 WL 7350073 (E.D. Ark. Oct. 17, 2023); *Warren v. Hoilday*, No. 4:18-00248, 2019 WL 4621647 (E.D. Ark. Aug. 29, 2019).  These cases interpret the Pulaski County Detention Facility's ("PCDF") grievance procedure as requiring, for purposes of administrative exhaustion, an appeal to the Chief of Detention even though the policy language uses the phrase "may appeal."  However, in these Eastern District of Arkansas cases, the district court states that the appeal language in the PCDF's grievance policy—specifically, the use of the words "may appeal"—is arguably ambiguous, but the court points out that "language later in the [PCDF's grievance] policy indicates that the appeal 'is the final level of the appeal process.'"  *Hopkins*, 2024 WL 4000807, at *3, fn. 5.

Defendants argue that "it is clear from the face of the [HCDC's grievance] policy that an appeal to the Sheriff is the final step of the grievance process."  ECF No. 57, p. 3.  The Court disagrees.  Unlike PCDF's grievance procedure, the HCDC's grievance procedure does not contain clarifying language anywhere in the policy explaining that an appeal to the sheriff is the final level of the appeal process.  Thus, the Court agrees with Judge Comstock that the ambiguous language of HCDC's grievance procedure creates a genuine issue of material fact as to whether the HCDC grievance procedure requires an appeal to the sheriff in order to exhaust.  Therefore, the Court finds that summary judgment on this issue is not appropriate.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation (ECF No. 54), and for the reasons

discussed above, the Court finds that Defendants have offered neither fact nor law which would cause the Court to deviate from Judge Comstock's Report and Recommendation. Therefore, the Court overrules Defendants' objections (ECF No. 57) and adopts the Report and Recommendation (ECF No. 54) *in toto*. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 36) is **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge